# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al*., | Case No. 2:10-CV-01603-KJD-PAL |
| Plaintiffs, | **ORDER** |
| v. | |
| FLOPPY MOP, INC., | |
| Defendant. | |

Before the Court is Defendant Floppy Mop, Inc.'s ("Defendant") Motion to Set Aside Default Judgment (#26). Plaintiffs responded (#28), but Defendant has failed to reply.

Defendant's motion must be denied because Defendant is a corporation proceeding in federal court *pro se*. "A corporation may appear in federal court only through licensed counsel." United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) citing Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993).

Further, Defendant's motion was filed more than thirty months after the entry of default judgment. Although no basis for Defendant's motion is presented to the Court, default judgment may be set aside only "for good cause," or under Rule 60(b). Fed. R. Civ. P. 55(c). Because Defendant cannot proceed *pro se*, the Court declines to reach analysis under either "good cause" or Rule 60(b).

However, given the facts alleged and the time constraints in Rule 60(b), the Court lacks confidence that either standard could be met.

Lastly, even if the Court were to construe this motion as being made by nonparties Sheryl Archie ("Archie") and James McKinney ("McKinney"), it is unclear that these individuals have standing.

Accordingly, Defendant's Motion to Set Aside Default Judgment (#26) is **HEREBY DENIED** without prejudice.

DATED this 18th day of October 2013.

_____
Kent J. Dawson
United States District Judge